## O. W. SPENCER, Respondent, v. DANIEL H. BARNEY, Appellant.

### No. 1211; December 20, 1856.

**Appeal—Taking for Delay—Damages.**—An appeal taken manifestly for delay calls for the imposition of damages.

**Mechanic's Lien—Priority Over Mortgage.**—The lien of a materialman under a contract to deliver lumber from time to time as wanted and paid for is superior to a mortgage on the premises only in respect of lumber delivered and not paid for at the time of the recording of the mortgage.

APPEAL from Superior Court, San Francisco County.

This was an action by the assignee of a mortgage to foreclose the latter. The assignment was of a time preceding the maturity of the note secured. The matter set up as a defense was in effect that fraud and misrepresentation had been used in procuring the execution of the note and mortgage; in particular, that the defendant held the naked possession of land in San Francisco covered by an alcalde grant under which the mortgagee claimed title, and that while the defendant so held the other's agent called upon him, represented his title to him, and proposed to compromise by a sale instead of any resort to a suit for possession; whereupon, the defendant consenting, the sale was made, the defendant giving the note and mortgage to secure payment of the purchase money. He averred also that he found the land was covered by another title also, the Simantaur title, wherefore the claim of fraud. One Ford was joined as defendant, as an encumbrancer, and answering set forth a lumberman's lien in favor of Soule and Page, of which the said defendant Ford was assignee, for lumber delivered from time to time to Barney, who was building on the premises and ordered the lumber as it was needed. The mortgage was recorded after the early deliveries but before the last.

Brosnan & Grost for respondent; E. L. B. Brooks for appellant.

MURRAY, C. J.—The facts relied on in this case, to establish fraud in procuring the execution of the note and mortgage, were insufficient and the evidence was properly excluded.

As to the mechanic's or lumberman's lien, it is not shown that the materials were delivered under any contract for such a quantity or so much lumber; but they appear to have been delivered from time to time as they were needed and purchased by the defendant; the lien therefore only extends to the amount so delivered, at the time of recording the mortgage. On the whole, we regard this as a delay case.

Judgment affirmed, with ten per cent damages.

We concur: Heydenfeldt, J.; Terry, J.